AO 245C   (Rev. 09/11) Amended Judgment in a Criminal Case
v1   Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | (WO) |
| EDMUND LEE McCALL | Case Number: 2:12-cr-204-WHA-01 |
| | USM Number: 14199-002 |
| | Susan James |
| | Defendant's Attorney |

**Date of Original Judgment:** 5/27/2014
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☐ pleaded guilty to count(s) _____
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☑ was found guilty on count(s) 1 and 6-11 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1343-44 & *18:1349 | Conspiracy to commit bank fraud and wire fraud | 6/2009 | 1 |
| 18:1028A & 18:2 | Aggravated identity theft; aiding & abetting | 10/24/2007 | 6 |
| 18:1028A & 18:2 | Aggravated identity theft; aiding & abetting | 10/27/2007 | 7 |
| 18:1028A & 18:2 | Aggravated identity theft; aiding & abetting | 11/1/2007 | 8 |
| 18:1028A & 18:2 | Aggravated identity theft; aiding & abetting | 11/8/2007 | 9 |

☑ See additional count(s) on page 2

The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 23, 2016
Date of Imposition of Judgment

/s/ W. Harold Albritton
Signature of Judge

W. Harold Albritton     Senior U. S. District Judge
Name of Judge     Title of Judge

May 23, 2016
Date

AO 245C  (Rev. 09/11) Amended Judgment in a Criminal Case
v1      Sheet 1A

DEFENDANT: EDMUND LEE McCALL
CASE NUMBER: 2:12-cr-204-WHA-01

Judgment Page: 2 of 10

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1028A & 18:2 | Aggravated identity theft; aiding & abetting | 1/9/2008 | 10 |
| 18:1028A & 18:2 | Aggravated identity theft; aiding & abetting | 1/28/2008 | 11 |

AO 245C   (Rev. 09/11) Amended Judgment in a Criminal Case
v1        Sheet 2 — Imprisonment

DEFENDANT: EDMUND LEE McCALL
CASE NUMBER: 2:12-cr-204-WHA-01

Judgment Page: 3 of 10

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

216 months. This sentence consists of 168 months as to Count 1; 24 months as to Count 6, to be served consecutive to Count 1; 24 months as to Count 7, to be served consecutive to Counts 1 and 6; 24 months each as to Counts 8-11, to be served concurrently to the terms in Counts 1, 6 and 7.

☑ The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the Defendant be designated to a facility where substance abuse/alcohol treatment is available.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before        on _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.


                                                            _____
                                                            UNITED STATES MARSHAL

                                                  By _____
                                                        DEPUTY UNITED STATES MARSHAL

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
v1         Sheet 3 — Supervised Release

DEFENDANT: EDMUND LEE McCALL
CASE NUMBER: 2:12-cr-204-WHA-01

Judgment Page: 4 of 10

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
FIVE YEARS. This term consists of 5 years on Count 1, and 1 year on each of Counts 6-11, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court and the probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcemnt agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
v1         Sheet 3C — Supervised Release

DEFENDANT: EDMUND LEE McCALL            Judgment Page: 5 of 10
CASE NUMBER: 2:12-cr-204-WHA-01

## SPECIAL CONDITIONS OF SUPERVISION

Defendant shall participate in a program approved by the United States Probation Office for substance abuse, which may include testing to determine whether he has reverted to the use of drugs. Defendant shall contribute to the cost of any treatment based on ability to pay and the availability of third-party payments.

Defendant shall provide the probation officer any requested financial information.

Defendant shall not obtain new credit without approval of the court unless in compliance wit the payment schedule.

Defendant shall submit to a search of his person, residence, office or vehicle pursuant to the search policy of this court.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
v1         Sheet 3C — Supervised Release

DEFENDANT: EDMUND LEE McCALL            Judgment Page: 5 of 10
CASE NUMBER: 2:12-cr-204-WHA-01

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
v1         Sheet 5 — Criminal Monetary Penalties

DEFENDANT: EDMUND LEE McCALL
CASE NUMBER: 2:12-cr-204-WHA-01

Judgment Page: 6 of 10

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 700.00 | $ | $ 562,059.12 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Brian Rideout | | $168.07 | |
| Bank of America Checking | | $91.26 | |
| BBVA Compass Bank | | $47,533.39 | |
| Capital One | | $49,711.18 | |
| Chase Bank | | $80,465.46 | |
| Macy's | | $1,445.96 | |
| USAA | | $570.01 | |
| American Express | | $10,954.55 | |
| Citigroup | | $159,452.70 | |
| Discovery Card | | $56,200.61 | |
| GE Capital Retail Bank | | $15,148.02 | |
| **TOTALS** | $0.00 | $562,059.12 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C  (Rev. 09/11) Amended Judgment in a Criminal Case
vl  Sheet 5B — Criminal Monetary Penalties

DEFENDANT: EDMUND LEE McCALL
CASE NUMBER: 2:12-cr-204-WHA-01

Judgment Page: 7 of 10

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| HSBC Card Services | | $38,419.90 | |
| Urban Trust Bank | | $753.00 | |
| U. S. Bank | | $1,652.90 | |
| Evelyn Newton | | $294.96 | |
| Regions Bank | | $25,858.55 | |
| Thomas Kutouc | | $1,000.00 | |
| Target Financial Services | | $1,444.48 | |
| Bank of America Credit Card | | $70,894.12 | |

See page 9 for addresses

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
v1         Sheet 6 — Schedule of Payments

Judgment Page: 8 of 10

DEFENDANT: EDMUND LEE McCALL
CASE NUMBER: 2:12-cr-204-WHA-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑ Lump sum payment of $ 562,759.12   due immediately, balance due

   ☐ not later than _____ , or
   ☑ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

B  ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑ Special instructions regarding the payment of criminal monetary penalties:

   All criminal monetary payments are to be made to the Clerk, United States District Court, Middle District of Alabama, Post Office Box 711, Montgomery, Alabama 36101.

   Any balance remaining at the start of supervision shall be paid at the rate of not less than $100 per month.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All crimnal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

   See page 10

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
   Cash money forfeiture in the amount of $562,059.12.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:     Edmund Lee McCall                     Judgment Page 9 of 10
CASE NUMBER:   2:12cr204-WHA-01

## RESTITUTION PAYEES

Bank of America Checking
Attn: Evelyn Burton Kelley
P. O. Box 15730
Wilmington, DE 19810

Capital One
Attn: Kenny Rivers
15000 Capital One Drive
Richmond, VA 23238

Macy's
Attn: Tim Yockey
Recovery/Compliance Dept.
P. O. Box 8053
Mason, OH 45040

American Express
P. O. Box 26835
Ft. Lauderdale, FL 33320

Discover Card
Attn: Jerry Brown
2900 Delk Road Suite 700 PMB 16
Marietta, GA 30067

HSBC Card Services
Restitution goes to Capital One
Atn: Kenny Rivers
15000 Capital One Drive
Richmond, VA 23238

U. S. Bank
Attn: Restitution and Recovery
P. O. Box 650
Milwaukee, WI 53278

Target Financial Services
Attn: Restitution
Mail Stop 5C-X
P. O. Box 1422
Minneapolis, MN 55440

BBVA Compass Bank
Corporate Security Annex
Attn: Henry Hamill
701 South 32nd Street
Birmingham, AL 35233

Chase Bank
Attn: Restitution Payment
P. O. Box 2003
Elgin, IL 60121

USAA
10750 McDermott Freeway
San Antonio, TX 78288

Citigroup
Attn: Tony Dillman
Special Investigations LCE 160
6460 Las Colinas Boulevard
Irving, TX 75039

GE Capital Retail Bank
950 Forrer Blvd.
Kettering, OH 45420

Urban Trust Bank
Attn: Compu Credit
5 Concourse Parkway
Atlanta, GA 30328

Regions Bank
Attn: Chris Hudgins
201 Monroe Street, 1st floor
Montgomery, AL 36104

Bank of America Credit Card
Attn: Evelyn Burton Kelly
P. O. Box 15730
Wilmington, DE 19810

Brian Rideout
Thomas Kutouc
Evelyn Newton

DEFENDANT:     Edmund Lee McCall                    Judgment Page 10 of 10
CASE NUMBER:   2:12cr204-WHA-01

## SCHEDULE OF PAYMENTS

Joint and Several

Defendant: Edmund Lee McCall, 2:12cr204-WHA-01; Total Amount: $562,059.12, Joint and Several Amount: $562,059.12. Corresponding Payees: See pages 6-7 of Judgment.

Co-Defendants:
Corey Gerard Harris, 2:12cr204-MEF-02; Total Amount: $562,059.12, Joint and Several Amount: $562,059.12. Corresponding Payees: See pages 6-7 of Judgment

Nakeisha Rochelle Richardson Moore, 2:12c4-204-MEF-03; Total Amount: $562,059.12, Joint and Several Amount: $562,059.12. Corresponding Payees: See pages 6-7 of Judgment

Rosie Lee Murphy, 2:12cr204-MEF-04; Total Amount: $562,059.12, Joint and Several Amount: $562,059.12. Corresponding Payees: See pages 6-7 of Judgment

Andrew Milton Williams, 2:12cr204-MEF-05; Total Amount: $562,059.12, Joint and Several Amount: $562,059.12. Corresponding Payees: See pages 6-7 of Judgment